# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANDREW ROSEMAN, on behalf of himself and all others similarly situated

## DEFENDANTS
SUBWAY SANDWICH SHOPS, INC. and DOCTOR'S ASSOCIATES, INC.

**(b)** County of Residence of First Listed Plaintiff  Camden County, New Jersey
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  New Haven County, Connecticut
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:       IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen P. DeNittis
Shabel & DeNittis, P.C.
Two Penn Center, 1500 JFK Boulevard, Suite 200
Philadelphia, PA 19102
Phone: (215) 564-1721

Attorneys *(If Known)*
Constantine T. Fournaris
WIGGIN AND DANA LLP,
One Liberty Place, 50 S. 16th Street, Suite 2925
Philadelphia, PA 19102
Phone: (215) 988-8310

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 690 Other | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury – Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities – Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(d)
Brief description of cause:
Removal pursuant to Class Action Fairness Act of 2005."

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 5000000+

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  N/A

DOCKET NUMBER  N/A

DATE
February 13, 2013

SIGNATURE OF ATTORNEY OF RECORD
*Constantine T Fournaris*

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Andrew Roseman | : | CIVIL ACTION |
| v. | : | |
| Subway Sandwich Shops, Inc. and Doctor's Associates, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| | | |
|---|---|---|
| 2-13-13 | Constant 7 Eu | Defendants |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-988-8311 | 215-988-8344 | cfournaris@wiggin.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __unknown__

Address of Defendant: __325 Bic Drive, Milford, CT 06460__

Place of Accident, Incident or Transaction: __Subway restaurant in Philadelphia__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☒    No ☐

Does this case involve multidistrict litigation possibilities?     Yes ☒    No ☐

*RELATED CASE, IF ANY:*

Case Number: __N/A_____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐    No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify)
   statutory consumer protection claim

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __Constantine T. Fournaris__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __2-13-13__     _C 7 2an_     Pa #63902

Attorney-at-Law     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __2-13-13__     _C 7 2an_     Pa #63902

Attorney-at-Law     Attorney I.D.#

CIV. 609 (6/08)

ANDREW ROSEMAN, on behalf of himself and all )
others similarly situated, )
                                )
                      Plaintiff,     )    Civil Action No. _____
                                  )
    vs.                               )
                                  )
SUBWAY SANDWICH SHOPS, INC. and )
DOCTOR'S ASSOCIATES INC., )
                                  )
                    Defendants

## NOTICE OF REMOVAL

Defendants Doctor's Associates Inc. ("DAI") and Subway Sandwich Shops, Inc. ("SSSI") hereby remove this action from the Court of Common Pleas, Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. Removal is based on the following grounds:

1.      This is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d) because: (1) this case is a putative class action; (2) there are at least one hundred putative class members; (3) the amount in controversy exceeds $5 million; and (4) at least one putative class member is from a different state than at least one defendant.

2.      On January 24, 2013, Plaintiff Andrew Roseman filed this purported class action against Defendants in the Court of Common Pleas, Philadelphia County, Pennsylvania (the "State Court Action"). A copy of the Complaint is attached as part of Exhibit A.

3.     DAI was served with a Summons and a copy of the Complaint on February 1, 2013. Aside from these documents, Defendants have not been served with any other process, pleadings, or orders in the State Court Action. *Id.*

4.     This putative class action alleges that DAI, who is the franchisor of Subway® Sandwich Shops, engages in deceptive marketing practices by misrepresenting that the sandwiches sold at Subway® shops are 12 inches long when they are in fact not that length. Plaintiff seeks to represent a class of "all persons who, between January 24, 2007 and the present, purchased a 'Footlong' sandwich from a Subway restaurant in Pennsylvania." Compl. ¶ 21. Plaintiff asserts a single cause of action for violation of the Pennsylvania Unfair Trade Practice and Consumer Protect Law ("UTPCPL"), 73 Pa. Cons. St. § 201-1 et seq. *Id.* at Count I. Plaintiff seeks to recover, on behalf of himself and the proposed class, damages, reasonable attorney's fees, and treble damages. Compl. p. 15.

## I.     DAI HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5.     DAI was served with process on February 1, 2013. Accordingly, this Notice is timely pursuant to 28 U.S.C. § 1446(b).

6.     Venue is proper here because this Court is the "district and division embracing the place" where Plaintiff filed the State Court Action. 28 U.S.C. §§ 105(a), 1441(a).

7.     As required by 28 U.S.C. §1446(a), copies of all process, pleadings, and orders on file in the State Court Action are attached to this Notice as Exhibit A.

8.     Contemporaneously with the filing of this Notice of Removal, Defendants have served Plaintiff's Counsel with written notice of the filing of this Notice of Removal and have filed a true and accurate copy of this Notice, together with all exhibits, with the Clerk of the Court of Common Pleas, Philadelphia County, Pennsylvania as required by 28 U.S.C. § 1446(d).

DB04/ . /7452082.1

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332(d).

9. The 2005 Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453), significantly expanded federal court jurisdiction over class actions. *See Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006) ("The language and structure of CAFA itself indicates that Congress contemplated broad federal court jurisdiction."); *Lewis v. Ford Motor Co.*, 685 F. Supp. 2d 557, 561 n .6 (W.D. Pa. 2010) (quoting *Grimsdale v. Kash N' Karry Food Stores, Inc.,* 564 F.3d 75, 80-81 (1st Cir. 2009)) ("when enacting CAFA, one of the goals expressed by Congress was to expand federal class action jurisdiction in an effort to reduce 'abusive practices by plaintiffs and their attorneys,' including 'forum shopping to take advantage of potential state court biases against foreign defendants.'"); *Mazzucco v. Kraft Foods Global, Inc.*, CIV.A. 11-2430 ES, 2011 WL 6935320, at *11 (D.N.J. Nov. 23, 2011) ("Congress intended that CAFA be interpreted liberally to expand federal jurisdiction.").

10. CAFA grants district courts original jurisdiction over any class action in which: (1) there are at least one hundred putative class members; (2) the amount in controversy exceeds $5 million; and (3) any member of the putative class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). This case satisfies all three requirements.

### A. At Least One Class Member Is a Citizen of A State Different From Defendants.

11. CAFA requires only minimal diversity, *i.e.,* that at least one member of the putative class is a citizen of a state different from that of any defendant. 28 U.S.C. § 1332(d)(2)(A).

3

12.     "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13.     DAI is a Florida Corporation with its principal place of business in Connecticut.

14.     SSSI is a Connecticut corporation with its principal place of business in Connecticut.

15.     Plaintiff is a resident of New Jersey. Compl. ¶ 16. Residency is presumed to establish citizenship. *See e.g., State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir.1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is prima facie the domicile."); *see Krasnov v. Dinan,* 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile ...."); *Horowitz v. Federal Kemper Life Assurance Co.,* 861 F. Supp. 1252, 1256 (E.D. Pa. 1994) ("Allegations of a party's residence are prima facie evidence of that party's citizenship."). In addition, the proposed class consists of individuals who purchased Subway sandwiches in Pennsylvania. Many, if not most, of these individuals are citizens of Pennsylvania.

15.     Minimum diversity exists because Defendants are not citizens of Pennsylvania or New Jersey, Plaintiff is a citizen of New Jersey, and some of the class members are citizens of Pennsylvania. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.     There Are At Least 100 Putative Class Members.**

16.     CAFA applies where there are at least one hundred members of the putative class. 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that the proposed class is "composed of at least 10,000 persons." Between January 24, 2007 and January 24, 2013, almost 200 million Subway® foot long sandwiches were sold in the state of Pennsylvania and these were undoubtedly

4

purchased by more than 100 people. *See* Declaration of Todd LaPointe ¶ 3, attached hereto as Exhibit B. Therefore, CAFA's numerosity requirement is satisfied.

### C. The Aggregate Amount In Controversy Exceeds $5,000,000.

17. CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

18. Here, Plaintiff has alleged that "there is no federal subject matter jurisdiction over the claims pleaded in this proposed class action, in that the total amount in controversy, including treble damages and attorney's fees, is less than $5 million," but goes on to allege that "Plaintiff estimates the damages to the class in this purported class action are at least several hundred thousand dollars." Compl. ¶¶ 14-15. The Third Circuit has explained that under CAFA, Plaintiff cannot plead around CAFA in this manner. Rather, if Defendants "prove to a legal certainty that plaintiff can recover the jurisdictional amount," then removal is proper. *See Frederico v. Home Depot*, 507 F.3d 188, 194-97 (3d Cir. 2007). Moreover, Plaintiff cannot ethically plead around CAFA in this manner: leaving potential damages of tens of million dollars more than CAFA's jurisdictional threshold on the table in an effort to avoid federal court calls into question Plaintiff and his counsel's ability to represent the class.

19. While DAI disputes that it engaged in any improper marketing or sales practices, that any certifiable class exists, or that Plaintiff and the putative class are entitled to any relief, the amount in controversy here clearly exceeds $5,000,000.

20. UTPCPL states that damages in a private cause of action may be "actual damages or one hundred dollars ($100), whichever is greater." 73 Pa. Con. Stat. § 201-9.2(a). The Complaint refers to damages generally, but does not state whether Plaintiff is seeking statutory

5

damages or actual damages. At one point the Complaint does refer to damages being too small to warrant an individual action because the consumer's injury is the "loss of 8.3% of a $5 sandwich." Thus, Plaintiff can only be seeking to recover two potential measures of damage: statutory damages or some diminishment in value based on the difference between 12 inches and the length of the sandwich received. Plaintiff alleges that the foot long sandwiches are "consistently" really "between eleven and eleven and one half inches long." Compl. ¶9; *see also id.* at ¶ 5 (claiming that the foot long sandwich "consistently measures significantly less than twelve inches in length"); ¶ 72 ("While it may not be the end of the world that consumers got an eleven inch sandwich instead of the twelve inch sandwich as promised …).

21.     Between January 2007 and January 30, 2013, 187,423,121 foot long Subway® sandwiches were sold in the Commonwealth of Pennsylvania. Through the class period, these sandwiches, with rare exceptions, sold for at least $5.00, but the average sales price of footlong sandwiches during that time period was well above $5.00. Thus, total footlong sandwiches sales during this period were at least $937,115,605. Chris LaPointe Declaration ¶ 3.

22.     If Plaintiff is actually seeking statutory damages, the potential damages are $18,742,312,100. If Plaintiff is seeking actual damages, then that award must be some diminishment in value. Based on Plaintiff's own allegations, Plaintiff believes that diminishment is about 8% of the value of each footlong sandwich. If that is the case, then the potential damages, before any award of treble damages, is $74,969,248 ($937,115,605 x 8%). But even if Plaintiff only seeks 1% of the cost of each sandwich as the diminishment in value (i.e., at least a nickel a sandwich) due to receiving a sandwich that is one-half inch to an inch too short, the proposed class's actual damages would be $9,371,156 ($933,115,605 x 1%).

DB04/ . /7452082.1

Case 2:13-cv-00658-LA   Filed 02/13/13   Page 9 of 40   Document 1

23.      UTPCPL also provides for an "award up to three times the actual damages sustained, but not less than one hundred dollars ($100)." 73 Pa. Con. Stat. § 201-9.2(a). Plaintiff explicitly alleges that he is seeking "plaintiff and class treble damages." Compl. Prayer for Relief. Because the actual damages contemplated above all exceed, $5,000,000, then any treble damages would exceed the jurisdictional threshold by millions of dollars. Indeed, the possibility of treble damages makes it impossible for the amount in controversy to be less than $5,000,000. Even if Plaintiff calculates the diminishment of value as being **one penny** for each sandwich sold, the actual damages would still be $1,874,231. Once trebled, the total damages, before even considering attorney's fees, would be $5,622,693.

24.      Plaintiff also seeks attorney's fees under UTPCPL 73 Pa. Con. Stat. § 201-9.2(a). In calculating the amount in controversy, courts have considered attorney's fees of up to 30-33% of the damages that the class may recover. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (in affirming that amount-in-controversy threshold was met, stating that a court calculating the amount in controversy for CAFA removal purposes "must also consider attorney's fees" and observing that "[f]ees could be as much as thirty percent of the judgment"); *Zellner-Dion v. Wilmington Fin., Inc.*, No. 10-CV-2587 (PJS/JSM), 2012 U.S. Dist. LEXIS 99986, at * 8-9 (D. Minn. July 19, 2012) (contemplating attorney's fees of 33% of the total class recovery); *DiPonzio v. Bank of Am. Corp.*, No. 11-CV-06192, 2011 U.S. Dist. LEXIS 74158, at *7-8 (N.D.N.Y. July 11, 2011) (observing that "[a]ttorneys' fees of 33% of damages are consistent with the norms of class litigation in the Second Circuit" and estimating attorneys' fees of that percentage "for the limited purpose of determining the amount in controversy"). Similarly, courts often apply a lodestar calculation, which determines attorney's fees by multiplying the number of hours reasonably expended by a reasonable hourly rate, as "an

7

acceptable method of calculating a reasonable attorneys' fees award." *See, e.g., Ackers v. Int'l Paper Co.*, No. 11-0216, 2011 U.S. Dist. LEXIS 69554, at * (W.D. La. June 27, 2011) (noting that, where a class action "is litigated over a several year period, the number of hours reasonably expended by counsel could become quite significant"). Thus, the Court can estimate attorney's fees for amount in controversy purposes by using either a percentage of damages or lodestar calculation.

25.     Here, it is impossible to predict exactly how much in attorney's fees Plaintiff's Counsel would receive, but whether the Court would calculate fees using a lodestar analysis or a percentage of the benefit analysis, such award would total, at minimum, several hundred thousand dollars, if not more, depending on how large the actual and trebled damages award, and if Plaintiff will need to proceed to trial to establish liability.

26.     In the aggregate, the actual damages, potential treble damages, and attorney's fees that Plaintiff and the putative class potentially could recover in this case readily satisfies CAFA's $5 million amount-in-controversy requirement.

DB04/ . /7452082.1

**WHEREFORE**, without waiving any of its potential defenses or counterclaims, Defendants respectfully remove this action from Court of Common Pleas, Philadelphia County, Pennsylvania, to this Court.

Date: February 13, 2013

**DEFENDANTS DOCTOR'S ASSOCIATES INC. AND SUBWAY SANDWICH SHOPS, INC.**

By: _Constantine T Fam_
Constantine T. Fournaris (Pa#63902)
**Wiggin and Dana LLP**
Two Liberty Place
50 S. 16th Street, Suite 2925
Philadelphia, PA 19102
215-988-8311 (phone)
215-988-8344 (fax)
cfournaris@wiggin.com

Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail, postage prepaid, on this 13th day of February, 2013 on:

Stephen P. DeNittis
Shabel & DeNittis, P.C.
Two Penn Center, Suite 200
1500 JFK Boulevard
Philadelphia, PA 19102

_Constantine T Fam_
Constantine T. Fournaris

9

# EXHIBIT A

## Case Description

| | |
|---|---|
| **Case ID:** | 130102647 |
| **Case Caption:** | ROSEMAN VS SUBWAY SANDWICH SHOPS, INC. ETAL |
| **Filing Date:** | Thursday , January 24th, 2013 |
| **Court:** | CLASS ACTION |
| **Location:** | City Hall |
| **Jury:** | JURY |
| | |
| **Case Type:** | CLASS ACTION |
| **Status:** | ACTIVE CASE |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | DENITTIS, STEPHEN P |
| **Address:** 5 GREENTREE CENTRE SUITE 302 525 LINCOLN DRIVE WEST MARLTON NJ 08053 (856)797-9951 | | **Aliases:** | *none* | |
| 2 | 1 | | PLAINTIFF | ROSEMAN, ANDREW |
| **Address:** 19 RED OAK LANE VOORHEES NJ 08043 | | **Aliases:** | *none* | |

| 3 | | | DEFENDANT | SUBWAY SANDWICH SHOPS, INC. |
|---|---|---|---|---|
| Address: | 325 BIC DRIVE MILFORD CT 06460 | Aliases: | *none* | |
| 4 | | | DEFENDANT | DOCTOR'S ASSOCIATES, INC. |
| Address: | 325 BIC DRIVE MILFORD CT 06460 | Aliases: | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 24-JAN-2013 02:32 PM | ACTIVE CASE | | | 24-JAN-2013 02:41 PM |
| **Docket Entry:** | E-Filing Number: 1301038111 | | | |
| 24-JAN-2013 02:32 PM | COMMENCEMENT CIVIL ACTION JURY | DENITTIS, STEPHEN P | | 24-JAN-2013 02:41 PM |
| **Documents:** | Click link(s) to preview/purchase the documents Final Cover | Click HERE to purchase all documents related to this one docket entry | | |
| **Docket Entry:** | *none.* | | | |
| 24-JAN-2013 02:32 PM | COMPLAINT FILED NOTICE GIVEN | DENITTIS, STEPHEN P | | 24-JAN-2013 02:41 PM |
| **Documents:** | Click link(s) to preview/purchase the documents Complaint.pdf | Click HERE to purchase all documents related to this one docket entry | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| 24-JAN-2013 | SHERIFF'S SURCHARGE 2 | DENITTIS, | | 24-JAN-2013 |

| 02:32 PM | DEFTS | STEPHEN P | | 02:41 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 24-JAN-2013 02:32 PM | JURY TRIAL PERFECTED | DENITTIS, STEPHEN P | | 24-JAN-2013 02:41 PM |
|---|---|---|---|---|
| **Docket Entry:** | 8 JURORS REQUESTED. | | | |

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JANUARY 2013**
E-Filing Number 1301038111

**002647**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ANDREW ROSEMAN | SUBWAY SANDWICH SHOPS, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 19 RED OAK LANE<br>VOORHEES NJ 08043 | 325 BIC DRIVE<br>MILFORD CT 06460 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | DOCTOR'S ASSOCIATES, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 325 BIC DRIVE<br>MILFORD CT 06460 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
[ ] $50,000.00 or less
[X] More than $50,000.00

**COURT PROGRAMS**
[ ] Arbitration
[ ] Jury
[ ] Non-Jury
[X] Other: CLASS ACTION
[ ] Mass Tort
[ ] Savings Action
[ ] Petition
[ ] Commerce
[ ] Minor Court Appeal
[ ] Statutory Appeals
[ ] Settlement
[ ] Minors
[ ] W/D/Survival

**CASE TYPE AND CODE**
C1 - CLASS ACTION

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY

JAN 24 2013

J. MURPHY

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES    NO

---

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ANDREW ROSEMAN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| STEPHEN P. DENITTIS | 5 GREENTREE CENTRE<br>SUITE 302<br>525 LINCOLN DRIVE WEST<br>MARLTON NJ 08053 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (856)797-9951 | (856)797-9978 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 80080 | sdenittis@shabeldenittis.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| STEPHEN DENITTIS | Thursday, January 24, 2013, 02:32 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

THIS IS NOT AN ARBITRATION CASE.
ASSESSMENT OF DAMAGES HEARING IS
REQUIRED. MAJOR JURY TRIAL IS
DEMANDED.

SHABEL & DeNITTIS, P.C.
By: Stephen P. DeNittis, Esquire
Identification No: 80080
Two Penn Center, Suite 200
1500 JFK Boulevard
Philadelphia, PA 19102
(215) 564-1721

| | |
|---|---|
| ANDREW ROSEMAN, on behalf of himself and all others similarly situated, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiff, | TERM |
| v. | NO. |
| SUBWAY SANDWICH SHOPS, INC. and DOCTOR'S ASSOCIATES, INC. | CLASS ACTION |
| Defendants. | |

## NOTICE - CIVIL ACTION – CONSUMER FRAUD CLASS ACTION

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Lawyers Reference Service
Philadelphia County Bar Association
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

1

Case ID: 130102647

**SHABEL & DeNITTIS, P.C.**
By: Stephen P. DeNittis, Esquire
Identification No: 80080
Two Penn Center, Suite 200
1500 JFK Boulevard
Philadelphia, PA 19102
(215) 564-1721

| | |
|---|---|
| ANDREW ROSEMAN, on behalf of himself and all others similarly situated, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiff, | TERM |
| v. | NO. |
| SUBWAY SANDWICH SHOPS, INC. and DOCTOR'S ASSOCIATES, INC. | CLASS ACTION |
| Defendants. | |

## INTRODUCTION

1. This is a state-wide class action brought under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons.St. § 201-1 et seq, against Subway Sandwich Shops, Inc., a wholly owned subsidiary of Doctor's Associates, Inc. (hereafter collectively referred to as "Subway") over identical, false, affirmative misstatements of material fact and knowing material omissions made by Subway regarding its trademarked "Footlong" sandwich, as alleged herein.

2. Starting at a time prior to January 24, 2007 and continuing until the present, Subway has engaged in a massive advertising campaign regarding its large size sandwich, which Subway has named the "Footlong" sandwich. Each component of this campaign, including all signs posted in

2

Case ID: 130102647

each Pennsylvania Subway store, the menu in each Pennsylvania Subway store, and all television ads, radio ads, internet ads and newspaper ads appearing in Pennsylvania at any time during the class period, all used the same identical language to describe this sandwich, uniformly described by Subway in each such instance as a "Footlong" sandwich.

3. Indeed, the name given to this product by Subway is the "Footlong".

4. These repeated references by Subway to this sandwich as a "Footlong" are intended by Subway to convey the impression that such sandwiches are at least one foot---i.e. twelve inches ---in length and that is the effect such representations have in fact on the average consumer.

5. In actuality, despite the repeated use of uniform language by Subway stating that this sandwich is a "Footlong," the product in question is not, in fact, a foot long. Rather, this product consistently measures significantly less than twelve inches in length.

6. Subway is well aware of this fact and, at all times relevant to this complaint, has been aware of the fact that the "Footlong" sandwich is, and has been, consistently less than a foot long since Subway named its large sandwich the "Footlong" sometime prior to January 24, 2007.

7. The discrepancy in size between the uniform statements in Subway's signs, menus and advertising regarding the size of this sandwich and the actual size of this sandwich is not an accident nor is it the result of any variation in size among such sandwiches.

8. Rather, Subway has admitted in communications with the press that this sandwich is made according to exacting, uniform procedures and specifications imposed by Subway upon its franchisees and stores, all of whom are required by Subway to use specified ingredients in specified amounts. All such procedures by Subway are intended by Subway to maintain consistency as to, inter alia, the size of the product and do in fact maintain such consistency.

9. The use of the uniform procedures and specifications mandated by Subway does not

3

result in a sandwich which is at least twelve inches long. Rather, the use of the uniform procedures and specifications mandated by Subway consistently results in a sandwich which is between eleven and eleven and one half inches long.

10. This fact is known to Subway and has been known to Subway since before it named its large sandwich a "Footlong".

11. This action aims at obtaining redress under the Pennsylvania UTPCPL for those persons in Pennsylvania who received less than what they were promised when they purchased a "Footlong" sandwich in Pennsylvania between January 24, 2007 and the present.

## JURISDICTION AND VENUE

12. All claims in this matter arise exclusively under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons.St. § 201–1, et seq.

13. This matter is properly venued in Philadelphia County, in that the named plaintiff purchased "Footlong" sandwiches in Philadelphia County, and Subway's uniform statements on signs, menus and advertising regarding the sandwich being a "Footlong" were made, inter alia, in Philadelphia County and were intended to be seen, heard and read, inter alia, in Philadelphia County.

14. There is no federal subject matter jurisdiction over the claims pleaded in this proposed class action, in that the total amount in controversy, including treble damages and attorney's fees, is less than $5 million.

15. Plaintiff estimates the damages to the class in this proposed class action are at least several hundred thousand dollars.

4

Case ID: 130102647

## THE PARTIES

16. Plaintiff Andrew Roseman resides in Voorhees, New Jersey, works in the City of Philadelphia and regularly purchased Footlong sandwiches at Subway restaurants in the City of Philadelphia.

17. Like all members of the proposed class, Plaintiff Roseman purchased at least one "Footlong" sandwich from a Subway restaurant in Pennsylvania during the class period, after viewing a uniformly-worded sign and menu, which are posted in each Subway in Pennsylvania, which labels the large Subway sandwich a "Footlong." Specifically, Plaintiff Roseman purchased a "Footlong" sandwich on April 12, 2012 and May 14, 2012 at a Subway restaurant located in the City of Philadelphia, as well as other "Footlong" sandwiches at Subway restaurants located in Pennsylvania on various other dates during the class period.

18. Subway Sandwich Shops, Inc. is a wholly owned subsidiary of Doctor's Associates, Inc., with the primary offices of both being located at 325 Bic Drive, Milford, Connecticut.

19. Upon information and belief, both of these entities jointly participated in the actions described herein, with each entity causing the name of the sandwich to be the "Footlong", each entity causing uniformly-worded signs and menus in Subway stores to each bear the word "Footlong" in describing the sandwich in question and in causing the word "Footlong" to appear in all advertising relating to this sandwich, as described herein.

20. Both Defendants are hereafter collectively referred to as "Subway."

## CLASS ACTION ALLEGATIONS

21. **Class Definition:** Plaintiff brings this action as a class action pursuant to Rule 1701, et seq. of the Pennsylvania Rules of Civil Procedure on behalf of himself and all members of the following proposed Class:

5

Case ID: 130102647

All persons who, between January 24, 2007 and the present, purchased a "Footlong" sandwich from a Subway restaurant in Pennsylvania.

22. **Rule 1702(1) Numerosity**: The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

23. Upon information and belief, the proposed class is composed of at least 10,000 persons.

24. **Rule 1702(2) Commonality**: Common questions of law and fact exist as to each class member.

25. All claims in this action arise exclusively from Subway's uniform policy as alleged herein.

26. No violations alleged in this complaint are a result of any individualized oral communications or individualized interaction of any kind between class members and Subway or anyone else.

27. Rather, all claims in this matter arise from the identical, false affirmative statements made by Subway which, regardless of the means or media by which it was conveyed, uniformly referred to this sandwich as a "Footlong."

28. There are common questions of law and fact affecting the rights of the class members, including, inter alia, the following:

    a.  whether Subway's policy as described herein violates the UTPCPL;

    b.  whether Subway's repeated, uniform statements that this sandwich was a "Footlong" was a false, deceptive or misleading affirmative statement of fact;

    c.  whether giving the name "Footlong" to this sandwich was "deceptive conduct which creates a likelihood of confusion or misunderstanding" within the meaning of 73 P.S. § 201-2(4)(xxi); and

    d.  whether Subway engaged in a knowing omission of material fact by failing to inform consumers in any fashion that, under the uniform specifications and

6

Case ID: 130102647

procedures imposed by Subway, this sandwich could be, and consistently was, less than twelve inches in length.

28. **Rule 1702(3) Typicality**: The claims of Plaintiff are typical of those of all class members.

29. The claims of plaintiff are not only typical of all class members, they are identical.

30. All claims of plaintiff and the class arise from the same identical, false, statement of affirmative fact by Subway, which uniformly described the sandwich as a "Footlong" in uniformly-worded signs and menus posted in each Subway restaurant in Pennsylvania, and from the same material omission of fact in that Subway failed to warn customers in any fashion that this product could be, and consistently was, less than twelve inches long.

31. All claims of plaintiff and the class are based on the exact same legal theories.

32. **Rule 1702(4) Adequacy of Class Representation**: Plaintiff will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709.

33. Plaintiff is a member of the class he seeks to represent.

34. Plaintiff has no interest antagonistic to, or in conflict with, the class.

35. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

36. Plaintiff has no interest antagonistic to, or in conflict with, the class.

37. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

38. **Rule 1702(5)**: A class action would provide a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

39. **Rule 1708**: A class action is a fair and efficient method of adjudicating the controversy.

40. Common questions of law or fact predominate over any question affecting only

7

Case ID: 130102647

individual members.

41. The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would confront Subway with incompatible standards of conduct.

42. Adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of other members not parties to the adjudications and would substantially impair or impede their ability to protect their interests.

43. To plaintiff's knowledge, no other litigation has already commenced raising these same issues against Subway in Pennsylvania or under Pennsylvania law.

44. This particular forum is appropriate for the litigation of the claims of the entire class since all proposed class members purchased "Footlong" sandwiches from Subway stores in Pennsylvania, the action raises claims exclusive under Pennsylvania law, and the plaintiff purchased his "Footlongs" at Subway stores in Philadelphia.

45. The expenses of litigation of separate claims by individual class members would be high compared to the potential recovery of each individual class member.

46. Indeed, the sandwich at issue costs less than $6 and thus individual actions to recover that amount, or any portion of that amount, are not economically feasible.

47. Thus, the absence of class certification would spell the death knell of any litigation over Subway's failure to live up to its promises regarding the size of its product.

48. The size of the class is unknown to plaintiff but is believed to be over 10,000 and there will be no difficulties likely to be encountered in the management of the action as a class action.

49. **Rule 1709**: The attorneys for the representative party will adequately represent the interests of the class.

8

50. Plaintiff's attorneys have participated in over 50 class actions and have been appointed by courts to serve as sole class counsel or class co-counsel in several dozen certified class actions.

51. Plaintiff has no conflict of interest with other class members.

52. Plaintiff seeks the same relief for himself as for every other class member.

53. Plaintiff has or can acquire adequate financial resources to assure that the interests of the class will not be harmed.

## FACTS GIVING RISE TO THE CAUSE OF ACTION

54. For several years, Subway has bombarded consumers in Pennsylvania and elsewhere with television and radio ads for its trademarked "Footlong" sandwich, each of which repeat the word "Footlong" over and over.

55. Subway has also aimed internet and newspaper ads at Pennsylvania consumers, all of which use the word "Footlong" to describe Subway's large submarine sandwich, which were seen and heard, inter alia, by plaintiff.

56. The word "Footlong" also appears on uniformly-worded signs posted in all Subway stores in Pennsylvania, which were seen, inter alia, by plaintiff.

57. The word "Footlong" also appears on uniformly-worded menus posted in all Subway stores in Pennsylvania, which were seen, inter alia, by plaintiff.

58. Regardless of any other variations in the content of Subway's reference or advertising for its "Footlong" sandwich, or the media by which it is projected to consumers, every single such reference or advertisement by Subway during the class period, whether it be in print, on a sign in a Subway store, on a menu, or on television, computer, radio or otherwise, uniformly refers to Subway's large sandwich as a "Footlong."

9

Case ID: 130102647

59. Indeed, the name given to the product itself by Subway expressly describes its purported size: i.e. the "Footlong."

60. Subway is well aware that the impression created in the minds of the average consumer by the use of the name "Footlong," whether it be in Pennsylvania or any other area where Standard English measurements are used, is that the sandwich in question is at least one foot---i.e. twelve inches---long.

61. Subway is aware of this fact from, inter alia, market research and focus groups conducted by and on behalf of Subway.

62. Subway is also well aware that its "Footlong" sandwich is shorter than twelve inches long.

63. Despite this knowledge, Subway does not warn consumers in any way, shape or form, whether through disclaimers, signage or by any other means, that the "Footlong" sandwich is, or could be, less than one foot long or that the name "Footlong" is intended by Subway to be anything other than a literal description of its length.

64. To the contrary, it is Subway's conscious intent to create the impression in the minds of consumers that its large sandwich is a foot---i.e. twelve inches---long.

65. The fact that the "Footlong" sandwich is less than twelve inches long is not the result of an isolated instance, or an accident, or any variation in the recipe.

66. Rather, as a matter of uniform policy, Subway imposes strict controls and procedures on all its franchisees and stores in Pennsylvania; procedures which are designed to create a uniform product that does not vary in size or composition from store to store.

67. As a matter of policy, following the procedures imposed by Subway, and using the

10

Case ID: 130102647

materials mandated by Subway, in the amounts mandated by Subway, results in a large sandwich that is less than twelve inches in length, a fact of which Subway is fully aware.

68. Despite this, Subway continues to post signs in each of its stores and to run advertising which uniformly describes this product as a "Footlong" sandwich and to list this item as a "Footlong" on each menu in each Subway in Pennsylvania.

69. Subway does so without posting any warning or disclaimer of any type that the name "Footlong" is intended to be anything other than a literal description of the length of this sandwich and/or warning that the actual sandwich is, or could be, less than twelve inches long.

70. Subway is aware that one of Subway's competitors, McDonald's, posts warnings and disclaimers that its "Quarter Pounder" represents the pre-cooked weight of that product and that the completed sandwich may not in fact be a quarter pound when served to consumers. Despite this example, Subway provides no similar warning to consumers stating that the "Footlong" is less than a foot in length.

71. Based on all of the foregoing facts, plaintiff submits that Subway's conduct is "deceptive conduct which creates a likelihood of confusion or misunderstanding" in violation of 73 P.S. § 201-2(4)(xxi).

72. While it may not be the end of the world that consumers got an eleven inch sandwich instead of the twelve inch sandwich promised, the simple fact is that these consumers were promised one thing and received something less than what was promised by Subway.

73. Moreover, as alleged herein, this conduct is not simply an accident, but rather the result of a conscious and knowing policy by Subway in which Subway promises one thing and then knowingly and systematically delivers something less than what was promised.

11

Case ID: 130102647

74. The loss of 8.3% of a $5 sandwich is far too small to warrant individual litigation by an individual consumer. Indeed, the out of pocket loss suffered by each consumer would be far less than the fee for filing a complaint in small claims court, even if the consumer attempted to seek redress pro se against what is a powerful and well-funded corporate entity.

75. Yet while the individual loss to any one class member is small, the aggregate effect of Subway's misconduct is large. By providing less than what was promised in hundreds of thousands of instances, Subway has managed to inflate profits in Pennsylvania by hundreds of thousands of dollars, using false and deceptive information to accomplish this result.

76. It is submitted that this is exactly the situation which the class action device was designed to remedy.

### COUNT I

**Pennsylvania Unfair Trade Practices and Consumer Protection Law**
**73 Pa. Cons.St. § 201–1 et seq**

77. Plaintiff incorporates all preceding paragraphs of this complaint as if set forth fully herein.

78. This action <u>does not</u> raise any claims of common law fraud.

79. Rather, all claims in this action arise exclusively under the UTPCPL.

80. **"The purpose of the UTPCPL is to protect the public from fraud and unfair or deceptive business practices."** <u>Keller v. Volkswagen of Am., Inc.</u>, 733 A.2d 642, 646 (Pa.Super.1999).

81. It is well-established that, in order to carry out that purpose, the UTPCPL must be liberally construed. <u>See</u> <u>Chiles v. Ameriquest Mortg. Co.</u>, 551 F.Supp.2d 393, 398 (E.D.Pa.2008)(**"The UTPCPL must be construed liberally."**); <u>Pirozzi v. Penske Olds-</u>

12

Case ID: 130102647

Cadillac-GMC, Inc., 413 Pa.Super. 308, 605 A.2d 373, 376, appeal denied, 532 Pa. 665, 616 A.2d 985 (1992)("our supreme court held that the UTPCPL is to be liberally construed in order to effect its purpose.")

82. In order to prevail under the UTPCPL, a plaintiff must prove the transaction between plaintiff and defendant constituted "trade or commerce" within the meaning of the UTPCPL and that the defendant was engaged in unfair or deceptive acts or practices.

83. The conduct alleged herein took place during "trade and commerce" within the meaning of the UTPCPL.

84. The conduct alleged herein constitutes a deceptive practice.

85. The UTPCPL 73 P.S. § 201-2(4)(xxi) defines unfair or deceptive acts or practices, inter alia, as any: "deceptive conduct which creates a likelihood of confusion or misunderstanding."

86. Prior to 1996, 73 P.S. § 201-2(4)(xxi) required that a defendant engage in the equivalent of common law fraud. See Flores v. Shapiro & Kreisman, 246 F.Supp.2d 427, 432 (E.D.Pa.2002); Commonwealth of Pa. v. Percudani, 825 A.2d 743, 746-47 (Pa.Commw.2003).

87. In 1996, however, UTPCPL 73 P.S. § 201-2(4)(xxi) was amended to add the word "deceptive" as an alternative to "fraud" in describing the practices prohibited by this section. Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC, 40 A.3d 145 (Pa.Super.2012)(holding that the amendment to the catch-all provision that added the language "or deceptive conduct" changed the requirement from proving actual fraud to merely proving deceptive conduct); Commonwealth of Pa. v. Percudani, 825 A.2d 743, 746-47 (Pa.Commw.2003) (a plaintiff who alleges deceptive conduct to proceed without proving all of the elements of common law fraud); Flores v. Shapiro & Kreisman, 246 F.Supp.2d 427, 432 (E.D.Pa.2002):

13

Case ID: 130102647

"by adding a prohibition on 'deceptive' conduct, the 1996 amendment to the CPL eliminated the need to plead all of the elements of common law fraud in actions under the CPL. Under general principles of statutory interpretation, no word should be rendered redundant. The new word "deceptive" in the statute, therefore, must have been intended to cover conduct other than fraud."

88. As alleged herein, Subway has engaged in deceptive conduct which creates a likelihood of confusion or misunderstanding.

89. Such conduct is based on both affirmative misrepresentations, material nondisclosures and material omissions.

90. In the case at bar, Subway made false, deceptive and/or misleading affirmative statements of fact, stating repeatedly in uniformly worded signs posted in each Subway in Pennsylvania and on the menu in each such Subway, that the sandwich in question was a "Footlong."

91. In addition, in each television ad, radio ad, print ad, internet ad and other advertisement for this sandwich during the class period, Subway described this sandwich as a "Footlong."

92. Moreover, Subway made knowing omissions of material fact and material nondisclosures with regard to this sandwich.

93. Subway did not post any warning or disclaimer, or advise customers in any way, shape or form, that the name "Footlong" should not be taken as a literal description of the length of the sandwich in question or that the sandwich would or could be less than twelve inches in length.

94. This combination of affirmative representations and omissions was, at best, a deceptive practice.

95. Numerous cases have held that, after 1996, 73 P.S. § 201-2(4)(xxi) does not require

14

Case ID: 130102647

actual fraud. See Flores v. Shapiro & Kreisman, 246 F.Supp.2d 427, 432 (E.D.Pa.2002);

Commonwealth of Pa. v. Percudani, 825 A.2d 743, 746-47 (Pa.Commw.2003); Rubenstein v.

Dovenmuehle Mortg., Inc., 2009 WL 3467769 (E.D.Pa.2009) at *6.

96. In the case at bar, however, the elements of fraud are met.

97. By the acts alleged herein, Subway has made a misrepresentation of a material fact and a

material nondisclosure, as described herein.

98. Subway has acted with knowledge that its conduct was deceptive and with intent that

such conduct deceived consumers.

99. While it is not clear that actual reliance is required, plaintiff and the class did justifiably

rely upon the misrepresentation and material nondisclosure; a reliance which may be presumed

in this case where a defendant has engaged in a common course of identical conduct.

100. As a proximate result of this conduct, plaintiff and the class have suffered an

ascertainable loss of money.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this court to:

a. Certify the class as a class action pursuant to Rule 1701, et seq of the Pennsylvania Rules of Civil Procedure;

b. Enter an order for injunctive and declaratory relief as described herein;

c. Enter judgment in favor of each class member for damages suffered as a result of the conduct alleged herein, to include interest and pre-judgment interest;

d. Award plaintiff reasonable attorneys' fees and costs;

e. Award plaintiff and the class treble damages;

f. Grant such other and further legal and equitable relief as the court deems just and equitable.

15

Case ID: 130102647

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

SHABEL & DENITTIS

BY: _____
Stephen P. DeNittis

Dated: January 24, 2013

16

## VERIFICATION

I, Andrew Roseman, hereby state:

    1.     I am the Plaintiff in the within matter.

    2.     I verify that the statements made in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

    3.     I understand that the statements in said complaint are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_Andrew Roseman_
Andrew Roseman

17

Case ID: 130102647

## VERIFICATION

I, Stephen P. DeNittis, hereby state:

1. I am the attorney for the Plaintiff in the within matter.

2. I verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

3. I understand that the statements in said Complaint are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_Stephen P. DeNittis_

Dated: 1/24/13

18

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSLYVANIA

ANDREW ROSEMAN, on behalf of himself and all )
others similarly situated, )
)
                Plaintiff, )  Cause No.
)
    vs. )
)
SUBWAY SANDWICH SHOPS, INC. and )
DOCTOR'S ASSOCIATES INC., )
)
                Defendants

## DECLARATION OF TODD LAPOINTE

Todd LaPointe states:

    1.      I am over the age of 18 years, and understand the meaning and obligations of an oath. I am the Statistics Co-Manager for Defendant Doctor's Associates Inc. ("DAI") and am competent to testify to the facts set forth in this declaration.

    2.      In my position, I am able to access data, by date and by state, regarding the amount of gross sales in Subway® Shops, the sales prices for sandwiches, and how many footlong sandwiches were sold.

    3.      Between January 24 2007 and January 24, 2013, 187,423,121 footlong Subway® Sandwiches were sold in the Commonwealth of Pennsylvania. Throughout this period, footlong sandwiches, with rare exception, sold in Pennsylvania for at least $5.00, but the average sales price of footlong sandwiches during that time period was well above $5.00. Thus, total footlong sandwiches sales during this period in Pennsylvania were at least $937,115,605, but likely much more.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Todd LaPointe

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSLYVANIA

ANDREW ROSEMAN, on behalf of himself and all )
others similarly situated,                    )
                                               )
                          Plaintiff,           )    Cause No. _____
                                               )
            vs.                                )
                                               )
SUBWAY SANDWICH SHOPS, INC. and                )
DOCTOR'S ASSOCIATES INC.,                      )
                                               )
                          Defendants           )
_____

## CORPORATE DISCLOSURE STATEMENT

Pursuant to its obligations under Fed. R. Civ. P. 7.1, defendants Subway Sandwich Shops, Inc. and Doctor's Associates, Inc. each state that it has no parent corporation and no publicly held company owns 10% or more of its stock.

Date: February 13, 2013

**DEFENDANTS DOCTOR'S ASSOCIATES INC. AND SUBWAY SANDWICH SHOPS, INC.**

By: _Constantine T Fournaris_

Constantine T. Fournaris (Pa#63902)
**Wiggin and Dana LLP**
Two Liberty Place
50 S. 16th Street, Suite 2925
Philadelphia, PA 19102
215-988-8311 (phone)
215-988-8344 (fax)
cfournaris@wiggin.com

Attorney for Defendants

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served upon the following by United States mail, first class postage prepaid, on this 13th day of February, 2013.

Stephen P. DeNittis, Esquire
Shabel & DeNittis, P.C.
Two Penn Center, Suite 200
1500 JFK Boulevard
Philadelphia, PA 19102

*Attorney for the plaintiff,* ANDREW ROSEMAN

Constantine T. Fournaris

5063/10/2840053.2